John H. Cox, Appellant, v. James K. Cline and Others, Appellees.

**Bills and notes:** *Bona fide* HOLDER: BURDEN OF PROOF: INSTRUCTION.
1. The mere possession and production of a note by plaintiff raises a presumption that he is a holder in good faith, and it

is not until competent evidence is adduced that the instrument was put in circulation by fraud, that any burden is cast upon him to show that he acquired it in due course and without notice of fraud; and an instruction which requires him to show that he is a holder in good faith in the first instance casts upon him a greater burden than the law warrants.

**Same:** FRAUD. When a note is shown to have been obtained by
2  fraud then the further inquiry is not whether the defendant has shown that plaintiff took the same with notice of the fraud, but whether plaintiff has shown that he took it in good faith and without notice.

**Same:** RESCISSION. Where a note given for the purchase price of
3  property is shown to have been obtained by fraud, all the provisions of the contract of purchase are affected alike; and in order to rescind the purchaser is not required to actually return the property, as provided by the contract, in case of a breach of warranty, but when the fraud is discovered may exercise the right of rescission by making a *bona fide* offer to return the property, holding it in readiness to deliver if the offer is refused.

*Appeal from Johnson District Court.*— HON. R. P. HOWELL,
Judge.

THURSDAY, JULY 9, 1908.

ACTION upon a promissory note. Judgment for defendants and plaintiff appeals.— *Reversed.*

*Wade, Dutcher & Davis,* for appellants.

*Holbert & Kimball,* for appellees.

WEAVER, J.— The note in suit was given for the purchase price of a stallion. The defendants resisted payment on the ground that the note was procured by fraud, and that plaintiff is not a *bona fide* holder. The cause was twice tried in the court below; a verdict for defendants being returned in each instance.

I.  In its charge to the jury the trial court, after stating the issues, proceeded as follows:

Seventh. The burden is first upon the plaintiff to establish that he is now the owner of the note sued upon, that he acquired the same in the ordinary course of business and before the same was due, and, should you so find from a careful consideration of all the evidence in this case, you will then find for plaintiff, unless you find that the defendants have shown by a preponderance of the testimony that this note was secured through fraud; that is, that their signatures thereto were secured through false and fraudulent representations, and that the plaintiff at the time he acquired the paper had actual knowledge of such fraud, or that such facts and circumstances were brought to his knowledge before the purchase of the note as would require that he should in good faith inquire as to the validity of the note, and unless you should find that such failure to inquire amounted to actual bad faith.

In giving this paragraph the court omitted to note the well-established rule that the mere possession of the note by the plaintiff raises a presumption, without other evidence,

1. BILLS AND NOTES: *bona fide* holder: burden of proof: instruction.

that he is a holder in good faith, and it is not until it has been shown by appropriate evidence that the instrument was procured and put in circulation by fraud that any burden is cast upon him to explain his possession, and give affirmative evidence that he acquired title in due course of business and without notice of the fraud. *Lathrop v. Donaldson,* 22 Iowa, 234; *Shaulis v. Buxton,* 115 Iowa, 430. Counsel for appellee say that the instruction under consideration is not inconsistent with this rule; the burden being upon the plaintiff under the pleadings, though removable for the time being upon production of the note in evidence. But the trouble with this suggestion is that the court did not thus explain or qualify its statement. On the contrary, it told the jury that to make his case the plaintiff must first " establish that he is now the owner of the note sued upon, that he acquired the same in the ordinary course of business and before the same was due," and, so far from telling the jury that any

presumption of ownership or good faith arises in plaintiff's favor from the possession of the note, they were instructed to determine the question " from a careful consideration of all of the evidence in the case." This placed upon the plaintiff a burden materially greater than the law warrants. It is probably true that the correct rule can be deduced from other instructions given, but this we think cannot serve to remove or neutralize the prejudice presumably resulting from the unqualified statement in the seventh paragraph. ·

In thus holding we do not ignore or minimize the rule approved by the great weight of authority and applied by us in *McKnight v. Parsons,* 136 Iowa, 390, that where the note is shown to have been tainted by fraud in its inception or fraudulently put in circulation, the burden rests upon plaintiff to show that he acquired it innocently. The rule is also now embodied in our statute (Code Supp. 1907, sections 3060a55, 3060a59), but until the defendant offers evidence sustaining such defense the plaintiff is under no obligation to negative it or to assume the burden of showing that he is the holder in good faith and without notice.

II. Appellant argues that there is no evidence from which the jury could rightfully find that he was not the holder in good faith in due course of business. But this is a somewhat misleading statement of the point to be considered. The defendants assert that the note was obtained by fraud, and offered evidence in support of their defense. If the jury found that allegation to be established, then the inquiry remaining to be answered was not so much whether defendants had succeeded in showing that the note was taken by plaintiff with notice of the fraud, as it was whether plaintiff had succeeded in showing that he took it in good faith and without notice, which is a very different proposition. In view of the fact that the cause must be again tried, we shall not review the testimony bearing upon this issue, but simply say that we think the case was in this respect one for the jury.

2. Same: fraud.

III. The further point is made that the matters complained of did not amount to a fraud, but to this we cannot agree. In our judgment the answer states a good defense

3. SAME: rescission.   to the note as against the payee, or any holder thereof with notice, and there was evidence tending to sustain such defense. Again, it is said by counsel that the warranty upon which the sale was made provides for the return of the animal to Galesburg, Ill., in case of its failure to fill the terms of the agreement, and that defendants, having failed to so return it, cannot rescind the purchase and refuse to pay the agreed price. If the defense relied upon by the defendants and submitted to the jury were a breach of warranty merely, there would be much force in the argument thus advanced. But such is not the case. The sole defense submitted to the jury is that which is based on an alleged fraud by which defendants were induced to sign the note on the representation that one Stover who joined them in making the instrument had agreed to become a party to the purchase of the horse and pay his equal share with the other purchasers, when, as it afterwards transpired, Stover was in fact acting as a stool pigeon in the interests of the payee, and, when the defendants' signatures were secured to the note, he was released from all liability thereon without any consideration, except his assistance in perpetrating the fraud. Under such circumstances, the defendants were not obliged to assume the expense and responsibility of shipping the horse to Illinois to effect a rescission of the purchase. To hold otherwise is to say that, when a contract has been obtained by fraud, the innocent party must perform a part of its stipulations in order to rescind and repudiate the remainder. If a contract has been obtained fraudulently, the taint attaches to and affects all its stipulations alike. If the party acts with reasonable promptitude when the fraud is discovered, a rescission of the contract will be effected by a *bona fide* offer to return

the consideration received and by holding it in readiness to be delivered if the offer to return be refused.

Other questions argued are ruled by those already disposed of or are such as will not necessarily arise on a retrial.

For the reasons stated in the first paragraph of this opinion, a new trial must be ordered, and the judgment appealed from is therefore *reversed.*