CEDAR POINT STATE BANK, Appellant, v. ROSE YOUTZ, Administratrix, Appellee.

**BILLS AND NOTES:** Fraud—Evidence.  Evidence held to present a
1    jury question on the issue as to whether a promissory note was
obtained by false representation.

**BILLS AND NOTES:** Holdership in Due Course—Evidence.  Testimony
2    tending to show that the indorsee of a negotiable promissory note
was in doubt whether he took the note as a direct purchase or as
collateral security; that he had knowledge of the insolvent condition of the payee; that he knew that the note was to be held in
escrow with the corporate stock for ·which the note was given; and
that the maker was a stranger, living several hundred miles away,
is material on the issue of the indorsee's holdership in due course.

**BILLS AND NOTES:** Holdership in Due Course—Taking For Value—
3    Insufficient Evidence.  Evidence that the indorsee of a negotiable
promissory note, in making purchase thereof, gave the payee credit
on his checking account, without any showing that the amount of
the credit *had been checked out*, is insufficient to show a purchase
''for value.''

Headnote 1:  8 C. J. p. 1065.  Headnote 2:  8 C. J. p. 1023 (Anno.)
Headnote 3:  8 C. J. p. 1046 (Anno.)

*Appeal from Story District Court.*—E. M. McCALL, Judge.

JUNE 25, 1925.

SUIT to recover on a promissory note filed as a claim in an
estate.  From a general verdict disallowing the claim, and from
an adverse ruling on a motion for new trial, plaintiff appeals.—
*Affirmed.*

*Nichol & Nichol,* for appellant.

*John McLennan* and *Addison & Smedal,* for appellee.

ALBERT, J.—The basis of this claim is a promissory note
for $2,000, executed on the 16th day of December, 1919, by the
defendant's intestate, L. D. Youtz, to the .Franklin Oil & Re-

1. BILLS AND
NOTES: fraud:
evidence.

fining Company of Des Moines, Iowa. During the early part of 1920, this note passed into the possession of the plaintiff. The answer of the defendant pleaded fraud and false representations in the procurement of the note. Plaintiff claimed to be a good-faith holder in due course, having procured the same before maturity for value.

The plaintiff raises but two questions that deserve serious consideration, and both are raised in the motion for directed verdict and for new trial, to wit: (1) That the evidence conclusively shows that the plaintiff was a good-faith holder of said promissory note in due course, and for valuable consideration; (2) that the evidence is insufficient to support a finding. of fraud in the inception of the instrument.

Without incumbering the record with all the evidence in this case, it is sufficient to say that it is conceded, or the evidence satisfactorily shows, that Youtz, the decedent, was induced to sign said promissory note by certain representations and pretenses made to him at the time of the making of said note, by the agent of the Franklin Oil & Refining Company, one Magerall by name, to wit: that the oil company was out of debt; that it had a million dollars worth of property and between $200,000 and $300,000 in money, and unlimited credit; that one Parley Sheldon, of Ames, Iowa, had $90,000 worth of stock in the company; and that the note would not be used, but would be held in Wood's Bank in Kansas City. These statements were made, together with some other statements and representations which are not now material. Suffice it to say that the evidence introduced negatives the correctness of approximately all of these statements. This being true, it would carry the issue to the jury; but plaintiff contends that there is no evidence to show that the deceased believed and relied on these representations. The evidence in relation to this matter, however, does show that the decedent said to the agent, "If it is as you say, it is, I believe, all right," and that after this he signed the note in controversy.

Without elaborating upon this line of testimony, we are satisfied that these statements on the part of the defendant,

taken in connection with the other testimony in the case, were sufficient to take the question of fraud to the jury.

It is claimed, however, by the plaintiff that, this being true, the case should not have been sent to the jury, because the plaintiff established itself as an innocent purchaser in due course by such weight of testimony that the court should have directed the verdict in favor of the plaintiff, under the later line of cases commencing with *Arnd v. Jones,* 197 Iowa 244, the last pronounced being *First Nat. Bank v. Dutton,* 199 Iowa 468. The case at bar, however, does not measure up to the requirements of the *Dutton* case.

2. BILLS AND NOTES: holdership in due course: evidence.

The witness Immasche, who is and was the managing officer of plaintiff bank, testified that he was the sole person connected with the bank who had anything to do with the transaction, or had any knowledge thereof; yet the circumstances in the case, as hereinafter referred to, are such that they might be held by the jury to contradict his negation, and thus make a jury question.

Plaintiff bank is situated in the small town of Cedar Point, in the state of Kansas. It appears from the manager's testimony that the town is on the border of the oil belt in Kansas, and that the Franklin Oil & Refining Company was engaged in the drilling of a well near that town, and used plaintiff bank, to some extent, in financial transactions. The manager himself seems to be in some doubt as to whether or not the bank held the note as collateral, or whether it purchased it outright. It is difficult to harmonize his statements in relation to the same.

The evidence in the case shows that the Franklin Oil & Refining Company was hopelessly insolvent during all of the time in controversy herein. The bank realized this condition, because it made several loans, not exceeding $200, to the oil company, and took chattel mortgages to secure the same. The manager, in one place in his testimony, states that he purchased the note from the Franklin Oil & Refining Company, and gave credit on their checking account for the amount thereof. There is no showing in his testimony that the amount thus given credit for was ever checked out by the oil company; and until this was done, the plaintiff was not an innocent purchaser, within the

3. BILLS AND NOTES: holdership in due course: taking for value: insufficient evidence.

requirements of the statute.  We have so held in *City Deposit Bank v. Green,* 130 Iowa 384; *McNight v. Parsons,* 136 Iowa 390. As said in the *Green* case, as long as the relation of debtor and creditor exists, there can be no innocent purchaser.

Another circumstance in the case which should have warned the plaintiff in relation to this note, is that the witness testifies that he knew there was an agreement that the note in suit was to have been held in escrow with the stock until it was paid; and with this knowledge on his part, when the note was presented to him without having the stock accompany the same, it was sufficient to put him on his guard.

The maker of the note was a total stranger to the manager of plaintiff bank, and lived something over 400 miles from the location of said bank.  He knew that it was given for stock in the Franklin Oil & Refining Company, and knew something of the financial straits of the oil company at the time.  He made no inquiry of the Kansas City bank whether the stock was up as collateral.  Such acts, and several others related in the testimony, are sufficient, in our opinion, to make a jury question. See *Second Nat. Bank v. Scanlon,* 196 Iowa 1305, and cases there cited.

The evidence of the plaintiff in this case, as the alleged purchaser, is, in our opinion not so indubitable as to require the court to direct a verdict for the holder.  *State Bank v. Oyloe Piano Co.,* 195 Iowa 1152, and cases hereinbefore cited.

After a careful review of all the evidence, we are satisfied that the case was properly sent to the jury for their decision, and the court committed no error in so doing.—*Affirmed.*

FAVILLE, C. J., and EVANS and ARTHUR, JJ., concur.