F. A. SWORD, Appellant, v. B. F. SPRY, JR., Appellee.

October 25, 1927.

Rehearing Denied February 11, 1928.

*Carr, Cox, Evans & Riley,* for appellant.

*R. R. Nesbitt* and *A. B. Schuetz,* for appellee.

Kindig, J.—Special findings of fact were made by the court, and it appears from the record that the plaintiff, appellant herein, obtained the promissory note involved in the following manner from one Daniel Burkey. Previously, appellant held a note of said Burkey in the principal sum of $1,600, with interest due in the amount of $96, as evidence of a loan. Upon maturity of said $1,600 note, in March, 1918, appellant presented it to said maker for payment, and instead of satisfying the obligation by the payment of money, the obligor delivered to appellant, in discharge thereof, the note in suit, executed by appellee on the first day of August, 1917, payable to said Burkey, in the sum of $1,920, on the first day of August, 1922, with interest at the rate of 6 per cent per annum, payable annually. Said Burkey note was then marked "paid and canceled," and returned to him. This suit was instituted by appellant to collect from appellee the principal of said acquired note, with interest at 6 per cent from August 1, 1923.

Three principal defenses were imposed: The first, on the theory that appellant paid no consideration, was not a holder in

due course, and consequently the alleged fraud of said Burkey, arising out of a real estate transaction with appellee, can now be urged as a defense to defeat the claimant; the second, under the doctrine entitling the assertion of said claim of fraud, because of faulty indorsement, which prevented appellant from being a holder in due course; and the third, upon the basis of fraud resulting through negotiation by said Burkey in breach of conditional delivery. No further consideration will be given this last subject because the district court found appellee waived his right to prosecute this plea. In reply, appellant denied said allegations, and proclaimed ownership of said instrument in due course, obtained before maturity for a valuable consideration, without notice of said defects. The district court found that: First, said Burkey induced appellee to execute said note by making fraudulent representations and statements regarding the value and nature of the subsoil of land in Wisconsin, amounting to fraud in the inception; second, appellant had no knowledge of said fraud, or of the circumstances which, under the law, would give notice thereof; and third, there is no evidence in the record concerning the worth of the surrendered note, and therefore it cannot be presumed to be of legal value. With this as a foundation, judgment was rendered for appellee. Consideration will now be given to the alleged errors in the order made.

I. Answer to the succeeding question will be determinative of the first point of contention. Did appellant fail to give "consideration" for the subject of this suit? We  think not. Section 9512 of the Code of 1924 names, as a prerequisite for the status of holder in due course, that the paper be taken for value, while Section 9485 of the same Code contains the following definition:

"Value is any consideration sufficient to support a simple contract. An antecedent or pre-existing debt constitutes value * * * "

Furthermore, Section 9652 thereof supplements, by adding: " * * * Value means valuable consideration."

Applying this law to the facts in the case at bar makes possible but one conclusion. Originally, the obligation for money had and received existing between appellant and the said Burkey was in good faith, valid, and due, and is presumed to be worth

its face value. It constituted, and was, property in the nature of a chose in action, entitling the owner to institute an immediate suit for its collection. However, waiving that remedy, and accepting in lieu of cash the new obligation of appellee, appellant made a surrender, constituting what in law is known as "legal consideration," and after that transaction, the previously existing demand was wiped out, to the same extent as if it had been paid. Well established is the principle that negotiation of the note to the indorsee in payment of the pre-existing indebtedness of indorser to him constitutes the giving of value, entitling the new taker in the premises to all rights and immunities of a holder in due course. *Gray v. Regan*, 37 Iowa 688; *Harwood v. Case*, 37 Iowa 692; *Artz v. C., R. I. & P. R. Co.*, 38 Iowa 293; *Ex rel. Shaw v. Nachtwey*, 43 Iowa 653; *Rew v. Independent Sch. Dist.*, 125 Iowa 28; *Schulz v. Griffith*, 182 Iowa 650; *Scherer & Co. v. Everest*, 94 C. C. A. 346 (168 Fed. 822).

II. Having established the foregoing prerequisite, it is next to be considered whether or not the form of indorsement used was so lacking in essentials as to prevent appellant from becoming a "holder in due course" through the transfer. The following are the words employed: "For value received, I guarantee payment and waive protest to F. A. Sword. (Signed) Daniel Burkey." Appellee contends that, because of the language set forth therein, the indorser became, in fact, a maker or guarantor only. That position has no support in our authorities, and, in fact, the opposite is the rule. Necessary result arising from the placing of said words in the manner and way indicated is a blank indorsement, entitling the transferee to immunity from equitable defenses otherwise available. *Robinson v. Lair*, 31 Iowa 1; *German American Sav. Bank v. Hanna*, 124 Iowa 374; *Voss v. Chamberlain*, 139 Iowa 569; *Jones County Tr. & Sav. Bank v. Kurt*, 192 Iowa 965.

III. Excepting the propositions above discussed, it is conceded that the note was regular upon its face, and in all other respects met the requirements of the law; but, in support of the  action of the district court, it is now asserted that, fraud in the inception having been found to exist, the burden was then cast upon appellant to show himself to be a "holder in due course."

Finding of the court is that appellant knew nothing of the misrepresentations and false pretenses, and received the negotiable instrument without knowledge of any infirmity therein or prior equities claimed by its maker. Therefore, through said judicial conclusion appellee is bound, and the suggested requirement need not be further faced, for the otherwise unconfirmed fact now becomes fixed in the record as fully proved. Consequently, appellee possessed all the rights of and was entitled to litigate as a holder in due course.

IV. Now it is our duty to determine what, if any, recovery is warranted under the record. Prior to the enactment of Section 3070 of the Code of 1897, we held that a "holder in due  course of a negotiable instrument" was entitled to recover full amount due thereon, according to its terms, regardless of the sum paid therefor. *Dickerman v. Day,* 31 Iowa 444; *Lay v. Wissman,* 36 Iowa 305. Subsequent legislation resulted in a change in this regard. Section 2114 of the Code of 1873 was supplanted by Section 3070 of the Code of 1897, containing the following:

" * * * if such paper [negotiable instrument] has been procured by fraud upon the maker, no holder thereof shall recover thereon of the maker a greater sum than he paid therefor, with interest and costs."

In harmony with the new statute, this court declared that, under the circumstances covered by the act, recovery is limited to the actual consideration paid, where the "negotiable instrument" had its inception in fraud. *Richards v. Monroe,* 85 Iowa 359; and kindred cases.

Next, it is to be remembered that there was more lately passed the present Negotiable Instruments Law, and it was in effect at the time the note in suit was executed. Part of said bill is Section 9517 of the Code of 1924, to wit:

"A holder in due course holds the instrument free from any defect of title of prior parties, and free from defenses available to prior parties among themselves, and may enforce payment of the instrument for the full amount thereof against all parties liable thereon."

Consistently with the language and spirit of this paragraph, we have recently inclined to the view that, because thereof, Section 3070 of the Code of 1897 was by implication repealed.

*McLaughlin-Gormley-King Co. v. Hauser*, 195 Iowa 224; *Windahl v. Hasselman*, 198 Iowa 1001; *Conover v. Hasselman*, 199 Iowa 661; *State Sav. Bank* v. *Behm*, 202 Iowa 192. Conflict and inconsistency appear. Reconciliation is impossible. Necessarily, in consequence thereof, we are required, and in fact compelled, to declare the former act repealed by implication, under the doctrine that, when two acts are hopelessly opposed to each other, the more recent in point of passage must be accepted as controlling. And so, to the extent of said irreconcilability, and that only, we declare the repeal. *Cedar Rapids & M. C. R. Co. v. Cummins*, 125 Iowa 430; *Edgar v. Greer*, 8 Iowa (Clarke) 394; *Owens v. Smith*, 200 Iowa 261.

Finally, in apparent discovery of such incongruousness, and no doubt desiring to remove the same, our legislature has seen fit to adopt Chapter 262 of the Acts of the Fortieth General Assembly, furnishing this limitation:

"The want or failure, in whole or in part, of the consideration of a written contract may be shown as a defense, total or partial, except as provided in the Negotiable Instruments Law."

Said last quoted subject-matter, however, was not in effect soon enough to be material in the decision of this case, and is set forth here for the purpose of showing that our view is in conformity with that of the legislature.

The district court was in error, and its judgment is reversed, and the cause remanded, with directions to said court to enter judgment for the full amount of plaintiff's claim, with interest and costs.—*Reversed and remanded.*

STEVENS, FAVILLE, DE GRAFF, ALBERT, MORLING, and WAGNER, JJ., concur.

EVANS, C. J., not participating.