COMMERCIAL INVESTMENT CORPORATION, appellee, v. TED CORNELIUS, d/b/a TED'S CHAMPLIN SERVICE, appellant.

No. 51138.

(Reported in 125 N.W.2d 257)

DECEMBER 10, 1963.

Lee J. Farnsworth, of Denison, for appellant.

Norelius & Norelius, of Denison, for appellee.

PETERSON, J.—This is an action at law to recover upon three trade acceptances totaling $737.07 which were executed

and delivered by defendant to Aluma-Glo Corporation of America and later sold, for valuable consideration, before maturity, to plaintiff. When presented for payment by plaintiff, defendant refused payment. Plaintiff commenced this suit. The case was submitted by the trial court to the jury and a verdict was rendered in favor of plaintiff for the amount sued upon. Defendant has appealed.

The errors relied upon for reversal by defendant were: 1st —the trial court erred in overruling defendant's motion for directed verdict made when plaintiff rested its case. 2d—the trial court erred in overruling defendant's motion for directed verdict, renewed at the close of all the evidence. 3d—the court erred in overruling defendant's motion for new trial and for judgment notwithstanding the verdict.

I. Defendant operates a gasoline station in Denison, d/b/a Ted's Champlin Service. April 27, 1960, a man by the name of W. O. Stuart from Sioux City called on defendant and sold him 126 cans of paint manufactured and placed on the market by Aluma-Glo Corporation. In payment for such paint defendant signed three trade acceptances, payable $245.69 each on June 27, 1960, July 27, 1960, and August 27, 1960.

On May 19, 1960, plaintiff purchased the trade acceptances from said corporation and paid therefor, $692.85 cash.

When defendant refused payment plaintiff brought suit on the trade acceptances, claiming to be a holder in due course, for value. Defendant admitted signing the acceptances and admitted delivery of same to Aluma-Glo Corporation, but denied plaintiff was a holder in due course, and further alleged in his answer that his signature had been secured upon the trade acceptances by fraud, misrepresentation, deceit and imposition. Defendant alleged plaintiff had knowledge of such fraud.

After the jury had been duly impaneled plaintiff introduced the three trade acceptances in evidence. They were admitted without objection. Plaintiff then rested.

Defendant moved for a directed verdict on the theory that plaintiff had not introduced adequate evidence to properly prove its case, and had failed to meet what defendant denominated as plaintiff's burden of proof. The motion was overruled.

Defendant testified concerning the purchase of the paint and the execution and delivery of the trade acceptances. He testified about certain representations made by Mr. Stuart, the salesman, as to the paint. He said he had tried the paint on the building in which he had his place of business and it was completely contrary to Mr. Stuart's representations and to the written guarantee made by the advertising of the Aluma-Glo Corporation. He testified the color as shown on the cans was not the same as the color when the paint was placed upon the building, and instead of lasting a long time, as represented, it faded quickly.

Defendant then introduced the deposition of one Edward L. Forer who was the vice-president and secretary of plaintiff. He testified that plaintiff's principal business was factoring receivables and that plaintiff had purchased the three trade acceptances on May 19, 1960, and paid therefor the sum of $692.85. He also testified plaintiff had purchased many other trade acceptances of the same type from Aluma-Glo Corporation. He said neither he nor plaintiff-corporation had knowledge of any defect or infirmity in the three trade acceptances.

In support of his claim that plaintiff had knowledge of fraud of Aluma-Glo Corporation defendant offered in evidence two certificates from the secretary of state of Florida as to the matter of the incorporation of Aluma-Glo Corporation of America and of Commercial Investment Corporation. The certificates disclosed the fact that a man by the name of Ben Salter was one of the incorporators of both corporations and that they were incorporated at approximately the same time, in May and June of 1959. The certificate concerning plaintiff disclosed that Salter was now the president of plaintiff-corporation.

At the close of plaintiff's testimony, defendant renewed his motion for a directed verdict. The court overruled the motion and under proper instructions submitted the case to the jury. No exceptions were taken by defendant to the instructions. The jury returned a verdict for plaintiff.

II. Even if the trade acceptances were given by defendant as a part of a fraudulent transaction between defendant and Aluma-Glo Corporation, such fraud would not affect plain-

tiff's ownership of, and recovery upon, the trade acceptances, if holder in due course.

Section 541.52 of the Negotiable Instruments Law provides as follows:

"What constitutes a holder in due course. A holder in due course is a holder who has taken the instrument under the following conditions:

"1. That the instrument is complete and regular upon its face.

"2. That he became the holder of it before it was overdue, and without notice that it had been previously dishonored, if such was the fact.

"3. That he took it in good faith and for value.

"4. That at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it."

We have considered and approved the provisions of said section in many cases. We cite a few: Federal Land Bank of Omaha v. Sherburne, 213 Iowa 612, 239 N.W. 778; State Savings Bank v. Behm, 202 Iowa 192, 209 N.W. 523; Midwest National Bank & Trust Co. v. Niles, 190 Iowa 752, 180 N.W. 880; Sword v. Spry, 205 Iowa 266, 215 N.W. 737.

Even if there was fraud or misrepresentation in connection with the transaction in accordance with which defendant gave the trade acceptances to Aluma-Glo Corporation, and plaintiff was the holder in due course the trade acceptances would not be vitiated.

In Sword v. Spry, supra, this court held the claim was there asserted that Burkey the endorser (like defendant in case at bar) had obtained the defendant Spry's note (like Aluma-Glo Corporation) by fraud, and that Burkey had negotiated the note in breach of a conditional delivery agreement with the maker. The fraud alleged was that Burkey had induced the maker to execute the note by making fraudulent representations as to the value and nature of subsoil in Wisconsin, the note being part of the consideration for the purchase of real estate, and said at page 270 of 205 Iowa: "Finding of the court is that appellant knew nothing of the misrepresentations and false pretenses, and

received the negotiable instrument without knowledge of any infirmity therein or prior equities claimed by its maker. * * * Consequently, appellee possessed all the rights of and was entitled to litigate as a holder in due course."

If it appears, as found by the jury in this case, that there was no such knowledge on the part of plaintiff, the fact of fraud and deception in the inception of the transaction between defendant and Aluma-Glo Corporation is immaterial.

III. The trial court properly overruled the motion for directed verdict made by defendant at the close of plaintiff's testimony.

Plaintiff offered all the evidence necessary under the Negotiable Instruments Law and under many decisions to justify submission to the jury. The statutory provisions are:

"541.57 Rights of holder in due course. A holder in due course holds the instrument free from any defect of title of prior parties, and free from defenses available to prior parties among themselves, and may enforce payment of the instrument for the full amount thereof against all parties liable thereon."

"541.59 Who deemed holder in due course. Every holder is deemed prima facie to be a holder in due course; but when it is shown that the title of any person who has negotiated the instrument was defective, the burden is on the holder to prove that he or some person under whom he claims acquired the title as a holder in due course. But the last mentioned rule does not apply in favor of a party who became bound on the instrument prior to the acquisition of such defective title."

This court has held in several cases that the evidence as shown by plaintiff when it rested was sufficient in the inception. Cox v. Cline, 139 Iowa 128, 117 N.W. 48; Anthon State Bank v. Bernard, 194 Iowa 1090, 1094, 191 N.W. 283; Connelly v. Greenfield Savings Bank, 192 Iowa 876, 185 N.W. 887.

In the case of Cox v. Cline, supra, on page 130, this court said in instructing the jury: "The burden is first upon the plaintiff to establish that he is now the owner of the note sued upon, that he acquired the same in the ordinary course of business and before the same was due, and, should you so find from

a careful consideration of all the evidence in this case, you will then find for plaintiff, * * *."

 Appellant argued that when he alleged fraud in his answer it was sufficient to entitle defendant to a directed verdict in his favor at the end of plaintiff's testimony. We have held to the contrary. In the above cited case of Cox v. Cline, supra, we held as follows on page 131: "* * * but until the defendant offers evidence sustaining such defense the plaintiff is under no obligation to negative [negate] it or to assume the burden of showing that he is the holder in good faith and without notice."

 IV. The final procedural step in the case at bar involves the question as to whether plaintiff had any knowledge of fraud as between Aluma-Glo Corporation and defendant. In his answer defendant alleged plaintiff had such knowledge. We have heretofore held that the simple allegation of such fact is not sufficient to direct a verdict in favor of defendant. Some proof must be offered by defendant in support of his allegations in the answer.

The following is the statutory provision referring to the notice of a defect:

"541.56 What constitutes notice of defect. To constitute notice of an infirmity in the instrument or defect in the title of the person negotiating the same, the person to whom it is negotiated must have had actual knowledge of the infirmity or defect, or knowledge of such facts that his action in taking the instrument amounted to bad faith."

In Division I we outlined the items of proof offered by defendant. Repeating briefly, they consisted of the certificates of the secretary of state of Florida showing the same persons incorporated both plaintiff and Aluma-Glo Corporation. The two companies were incorporated in Florida at approximately the same time, May and June 1959. The two companies had their offices in the same city and at least for a time in the same building, although not in the same rooms. The president of plaintiff was one of the incorporators of Aluma-Glo Corporation.

On the other hand when defendant's counsel took the deposition of the secretary of plaintiff-corporation, Edward L. Forer,

Mr. Forer clearly stated that plaintiff had purchased the three trade acceptances for cash in May of 1960, which was sometime prior to their due date and had no knowledge of any fraud.

Many decisions hold that after defendant has alleged, and fairly shown by evidence, that there was fraud in the inception, then the burden passes to plaintiff to establish that there was no knowledge of such fraud on the part of plaintiff. Anthon State Bank v. Bernard, supra; Trevisol v. Fresno Fruit Growers Co., 195 Iowa 1377, 192 N.W. 517; Connelly v. Greenfield Savings Bank, supra; Arnd v. Aylesworth, 145 Iowa 185, 123 N.W. 1000, 29 L. R. A., N. S., 638.

At the close of all evidence defendant made a motion to direct a verdict in his favor. He claimed the evidence offered by defendant as to plaintiff's knowledge of fraud was sufficient.

Defendant did offer some evidence, but it was not of such substance and weight that reasonable minds would agree as to plaintiff's knowledge of fraud. Sufficient question was raised to require the trial court to submit the question of fact to the jury. It was submitted under proper instructions. Defendant offered no exceptions to the instructions and, in fact, defendant's counsel stated there was no complaint about the instructions.

Upon such submission the jury rendered a verdict in favor of plaintiff.

The case of Anthon State Bank v. Bernard, supra, involved a note given for stock. The decision contains a synopsis which states questions singularly analogous to the questions involved in the case at bar: "In the absence of any other showing, the possession of the paper by the plaintiff is sufficient to make a prima facie case of his good faith and right to recover thereon; but when fraud or other defect in its origin is pleaded, and evidence is offered by defendant fairly tending to show alleged fraud or defect in the paper which would constitute a good defense if the action were brought by the payee or by any other person having notice of the facts, the burden then rests upon the plaintiff to make affirmative proof that he or some person under whom he claims acquired the title as a holder in due course; and the issue so raised is one of fact for the jury, and not of law for the court."

The record discloses no error and the case is affirmed.— Affirmed.

All JUSTICES concur.