**NORTHSIDE BANK OF TAMPA, a Florida banking corporation, Plaintiff,**

v.

**INVESTORS ACCEPTANCE CORPORATION, Defendant.**

Civ. A. No. 67–199.

United States District Court
W. D. Pennsylvania.

Jan. 11, 1968.

Michael Stabile, of McArdle & McLaughlin, Pittsburgh, Pa., for plaintiff.

Allen S. Gordon, Pittsburgh, Pa., for defendant.

## MEMORANDUM AND ORDER

MARSH, District Judge.

In this diversity action, plaintiff, a bank, sues the defendant as the drawer of three checks, each dated August 22, 1966, and drawn to the order of Style-Rite, Inc., a corporation, having its checking account in plaintiff's bank in Tampa, Florida. Each check was drawn on the Western Pennsylvania National Bank, Pittsburgh, Pennsylvania.

On August 25th, the plaintiff bank cashed one check and on August 24th and 25th accepted the other two for deposit, crediting Style-Rite's account; the plaintiff thereupon applied a part of this credit to Style-Rite's overdrawn balance in the sum of $2,046.13, and permitted Style-Rite to withdraw a substantial part of the remaining credit before it received notice that the defendant had ordered the drawee bank in Pittsburgh to stop payment.

Defendant admits to the issuance of the three checks and to the deposit of two, while pleading no knowledge as to the truth of plaintiff's averment that it cashed the third. The genuineness of the signatures is not denied. In paragraphs 13 and 14 of a verified Answer, defendant avers that it was induced to draw those checks by Style-Rite's false and fraudulent representation as to its financial ability to perform certain home improvement contracts and to fulfill certain other promises which were the bargained consideration for which defendant issued the checks involved.

Seeking to cut off this defense, the plaintiff bank has moved for summary judgment, averring that the affidavits attached demonstrate that the plaintiff bank is a holder in due course; that the defenses alleged are not defenses against a holder in due course; and that there is no genuine issue of material fact. We think that plaintiff's motion should be denied.

The parties agree that plaintiff's right to enforce payment of these checks against the defendant drawer is governed by Pennsylvania law as expressed in the relevant provisions of the Uniform Commercial Code, 12A Purdon's Pa.Stat. Ann. § 1–101 et seq.

■ Under the Code a holder of a check is entitled to recover on its unless the defendant establishes a defense. When a defense exists, the plaintiff holder has the burden of establishing that it is in all respects a holder in due course, if it claims such rights. See: 12A Purdon's Pa.Stat.Ann. § 3–307(2) (3).

■ Unquestionably, the defendant's verified Answer and affidavit show that it has a defense against the payee, Style-Rite, which defense is not controverted by the plaintiff bank. Thus the bank has the burden of establishing by credible evidence to the satisfaction of the jury that it is "in all respects" a holder in due course.

■ A holder in due course is a holder who takes the instrument (a) for value;

and (b) in good faith; and (c) without notice that it is overdue or has been dishonored or of any defense against or claim to it on the part of any person. 12A Purdon's Pa.StatAnn. § 3–302, as amended.

■ It is our opinion that unless the circumstances of the holder's taking the checks were free of all doubt, the court would not be in a position to direct a verdict in favor of the plaintiff bank because the elements constituting a holder in due course are questions of fact for the triers of fact to determine. The court conceives of situations in which it could direct a verdict in favor of defendant for insufficiency of evidence that plaintiff bank was a holder in due course, but it is otherwise as to directing a verdict for plaintiff, who has the burden of persuading the jury by the preponderance of evidence on all material issues of fact.

■ The defendant denies that the plaintiff bank gave value to Style-Rite on the said checks. See Answer, ¶ 13. Because for other reasons the motion will be denied, we refrain from finally deciding whether or not the pleadings and affidavits present a genuine issue of this material fact although the uncontroverted facts contained in plaintiff's affidavits seem to establish that the bank did give value. 12A Purdon's Pa.Stat.Ann. §§ 4–208, 4–209. On the other hand, the issues of plaintiff's good faith and lack of notice of defendant's defense against Style-Rite present genuine issues of material fact. Although the sworn statements of defendant's president-treasurer contain some averments which are patently conclusory and do not constitute admissible evidence,[1] nevertheless, in respect to these issues of fact, the circumstances adduced in defendant's affidavit by averments which would be admissible in evidence (e. g., inter alia, the alleged close relationship between plaintiff and Style-Rite and the substantial overdraft in Style-Rite's account on August 23, 1966) create a doubt as to plaintiff's status as a holder in due course. Such

1. Rule 56(e), Fed.R.Civ.P.; see also, Rule 56(g).

doubt relating to the existence of genuine issues of material facts should be resolved against the entry of summary judgment.[2] In such circumstances, we think the defendant has the right to require plaintiff to prove by a preponderance of the credible evidence that it is a holder in due course to the satisfaction of the jury.[3] ·

An appropriate order will be entered.

2. Technograph Printed Circuits etc. v. Methode Elect., Inc., 356 F.2d 442, 446-447 (7th Cir. 1966); Associated Hardware Supply Co. v. Big Wheel Distrib. Co., 355 F.2d 114, 121 (3d Cir. 1966); Sarnoff v. Ciaglia, 165 F.2d 167 (3d Cir. 1947); PAC Construction Company v. New York Factors, Inc., 191 F.Supp. 643. 647 (W.D.Pa.1961).

3. Schaffer v. United States, 216 F.2d 330 (6th Cir. 1954).