The **CONTINENTAL ILLINOIS NATIONAL BANK AND TRUST COMPANY OF CHICAGO, Plaintiff-Appellee,**

v.

The **SECURITY STATE BANK, ALGONA, Iowa, Hawkeye Loan Company, Inc., Maurice E. Thompson, W. B. Lundberg, Defendants,**

**Gunvald Sande and Edna P. Sande, Defendants-Appellants.**

**No. 54276.**

Supreme Court of Iowa.

Dec. 15, 1970.

John J. Murray, of Mitchell, Mitchell, Murray & Goode, Fort Dodge, for appellants.

L. E. Linnan, of Linnan & Lynch, Algona, for appellee.

RAWLINGS, Justice.

Trial court sustained plaintiff's motion for summary judgment in its action on a promissory note, and guaranty agreement. Defendants Gunvald and Edna P. Sande appeal from judgment entry accordingly ordered. We reverse and remand.

By Count I of its petition, plaintiff seeks judgment against The Security State Bank, Algona, Iowa; Hawkeye Loan Company, Inc.; Maurice E. Thompson; W. B. Lundberg; and Gunvald Sande.

Allegations in support thereof are: defendants Thompson and Lundberg, officers of Security State Bank, secured Gunvald Sande's signature to the instant note upon representations to the effect that on approval of the loan $80,000, face sum of the instrument, would be deposited in Gunvald's account, subject to his withdrawal; Edna P. Sande had previously executed a guaranty of Gunvald's loans; the note was secured from Gunvald as part of a scheme or device by all defendants, except Edna, to obtain funds for defendant Hawkeye Loan Company; and plaintiff was induced by defendant bank to accept a 100 per cent participation in the loan, being thereby defrauded.

Count II of the petition asserts the note, now past due, was assigned by defendant bank to plaintiff. Judgment is thereupon sought against Gunvald.

Under Count III plaintiff seeks judgment against Edna P. Sande upon a separate guaranty, previously executed by her.

Defendants Sande filed answer which, as amended, admits execution of the note by Gunvald, and guaranty by Edna. It is thereby alleged, however, Gunvald was a victim of the claimed fraudulent scheme, not a participant; the note, obtained by fraudulent representations and deceit, was conditionally delivered; it was past due when assigned to plaintiff; the correspondent relationship between plaintiff and defendant bank, with attendant full participation by the former in the instant transaction, was knowingly in violation of loan limit banking laws; absence of consideration to Gunvald for the note given; and fraud in the inception. The Sandes also cross-petitioned against The Security State Bank.

Plaintiff's summary judgment motion seeks relief as against Mr. and Mrs. Sande alone on Counts II and III of the petition.

Counsel for these defendants filed resistance and amendments thereto. It is thus asserted, in effect, issues of both fact and law are involved; the note was obtained by fraud in the inception barring recovery by plaintiff; absence of consideration; Edna P. Sande did not undertake to pay any obligating instrument executed by Gunvald as a result of fraud and deceit; and the note was conditionally given, that condition having been breached.

In connection with the summary judgment hearing, plaintiff read into the record a discovery deposition obtained by it from Gunvald Sande, which recited in some detail the circumstances attendant upon execution of the note by Gunvald.

The sole question to be determined on this review is whether trial court erred in summarily entering judgment against Gunvald Sande and Edna P. Sande.

I. At the outset it is evident Iowa R. Civ.P. 237, as amended by the 62nd General Assembly, chapter 475, is applicable.

Under that rule revision any trial court, when confronted with a summary judgment motion, must examine the entire record before it and thereupon determine whether ultimate evidentiary facts are presented which, if decided in favor of defendant, would amount to a good defense. Northwestern Nat. Bank of Sioux City v. Steinbeck, 179 N.W.2d 471, 476 (Iowa); Hanna v. State Liquor Control Commission, 179 N.W.2d 374, 375 (Iowa).

Touching on that subject we also held in Sherwood v. Nissen, 179 N.W.2d 336, 339 (Iowa), the burden is upon a summary judgment movant to show absence of any genuine fact issue. And in determining that matter all material properly before the court must be viewed in a light most favorable to the opposing party. See generally United States v. Tholen (N.D. Ia.), 186 F.Supp. 346, 357–362.

II. Neither in the petition nor answer by defendants is there any specific allegation that plaintiff is or is not a holder in due course. See The Code 1966, Section 554.3307(2), (3). But such alone is not determinative.

Plaintiff bank is not required to plead, or in the first instance prove its status as a holder in due course. Peoples Bank of Aurora v. Haar, 421 P.2d 817, 820 (Okl.); 10 C.J.S. Bills and Notes § 605; 12 Am.Jur.2d, Bills and Notes, § 1117. See The Code 1966, Section 554.3307(2).

On the other hand a party defending on the basis plaintiff is not a due course holder must allege ultimate supportive facts. 10 C.J.S. Bills and Notes § 624; 12 Am.Jur.2d, Bills and Notes, § 1128. See also The Code 1966, Section 554.3307(3); Iowa R.Civ.P. 237(e); Sherwood v. Nissen, *supra*, 179 N.W.2d at 338–339.

III. Furthermore, where an action upon a negotiable instrument is brought and defendant effectively asserts any recognized legal defense thereto it is generally understood the determination as to whether plaintiff qualifies as a holder in due course is then ordinarily a fact issue. See Commercial Investment Corp. v. Cornelius, 255 Iowa 1012, 1019, 125 N.W.2d 257; North-

side Bank of Tampa v. Investors Acceptance Corp. (W.D.Pa.), 278 F.Supp. 191, 192; Budget Charge Accounts v. Mullaney, 187 Pa.Super. 190, 144 A.2d 438, 440 (Pa.). Cf. The Code 1966, Section 554.3307(3).

IV. On appeal plaintiff, for the first time, contends the summary judgment resistance and amendments thereto, filed on behalf of defendants, failed to qualify as affidavits, and cannot be considered.

An examination of the record discloses plaintiff never previously voiced any such challenge, by motion to strike or otherwise. In other words, that matter was never called to trial court's attention.

Resultantly, this claim comes too late and, under the circumstances, is not entertained. Volkswagen Iowa City, Inc. v. Scott's Incorporated, 165 N.W.2d 789, 794 (Iowa); In re Adoption of Moriarty, 260 Iowa 1279, 1288, 152 N.W.2d 218. *E. g.,* Noblett v. General Electric Credit Corporation, 400 F.2d 442, 445 (10 Cir.).

V. In the instant case plaintiff's petition alleges, as aforesaid, the note was initially obtained and negotiated as part of a fraudulent scheme by all defendants, except Edna P. Sande.

Coupled with this, an examination of all the pleadings, resistance by these defendants to the motion for summary judgment, and Gunvald's deposition reveals a genuine issue as to material facts which serve to create a justiciable issue regarding plaintiff's position and rights as assignee of the note sued upon.

Mindful of the principles above set forth, we conclude the entire record discloses a genuine material fact issue as to whether plaintiff is or is not a holder in due course of the note executed by defendant Gunvald Sande.

VI. By the same token it is evident a like question is even more cogently presented relative to the guaranty given by Edna P. Sande which plaintiff relies upon in support of its action against this defendant. See The Code 1966, Sections 554.3415, 554.3416; Farmers' Loan & Trust Co. v. Brown, 182 Iowa 1044, 1055–1056, 165 N.W. 70; 11 C.J.S. Bills and Notes §§ 737–739; 11 Am.Jur.2d, Bills and Notes, §§ 533–534.

Among other things the record discloses Mrs. Sande executed the accommodation instrument approximately ten months before the subject note was given by her husband.

Additionally, the guaranty limit is $80,-000, and when the accommodation paper was executed Mr. Sande's debt to defendant, The Security State Bank of Algona, Iowa, though in an undisclosed sum, was at the legal loan limit.

VII. Further discussion will serve no useful purpose. Trial court erred in granting summary judgment against defendants Gunvald Sande and Edna P. Sande.

Reversed and remanded.

All Justices concur.