LEWIS D. WILLIAMS, *et al.*, v. TIMOTHY F. HERSEY.

1. BILL OF EXCEPTIONS; *Signing, and Certifying; Filing of Record.* Where a bill of exceptions commences with, "Be it remembered," etc., and concludes with, "The defendants therefore ask that this their bill of exceptions may be signed by the judge and made a part of the record in this case, which is accordingly done;" and the judge then, on the same piece of paper, certifies to the correctness of the bill, and signs the certificate, without calling the paper a bill of exceptions, or ordering it to be made part of the record, *held*, that the paper is nevertheless a bill of exceptions, and a part of the record.

2. INTEREST; *Running Account.* It is not error for the court to instruct the jury, that "interest cannot be claimed on an open and running mutual account, except by an agreement of the parties."

3. EVIDENCE OF VALUE; *Former Appraisement, not Competent.* It is not error for the court to exclude evidence attempted to be introduced for the purpose of proving the value of certain land, where such evidence merely tends to prove that two men at a previous time appraised said land at a certain amount, and where better evidence of the value of the land can be obtained.

*Error from Mitchell District Court.*

ACTION by *Hersey* against *Williams* and wife, and *James Finnegan,* to have a certain deed absolute in form adjudged to be a mortgage in fact, and to compel Williams and wife to reconvey certain property to plaintiff, and to recover from *Williams* and *Finnegan* an alleged balance due plaintiff on account. Trial at the December Term 1874. The testimony and special findings show, that *Hersey* on the 3d of March 1873 was indebted to *W. & F.* in the sum of $580; that on that day *Hersey* and wife conveyed to *Williams* by said deed a large number of lots in the town of Beloit; that said deed was so given to secure the payment of said $580 to said *W. & F.;* that before the commencement of this action *Williams* had sold and conveyed a large amount of the property described in said deed; that such sales made by *Williams* were made for cash, and at different times, and to different parties; that the sums realized on such sales respectively were $50, $125, $125, $200, and $500 — total, $1,000 — all of which came to the hands of *Williams & Finnegan.* *W. & F.* paid taxes due on said lands, to amount of $16.93, for which they claimed credit. They also claimed $26 as interest on the $580 due thereon from *Hersey,* as aforesaid. *Hersey* claimed that he should be allowed interest on each of the aforesaid sums received by *W. & F.* on the sales of lots, from dates of sales respectively. The jury found generally in favor of *Hersey,* for $403.07, for which judgment was given, and a decree was entered that *Williams* and wife reconvey to *Hersey* the unsold lots described in the deed first mentioned. (It is evident that the jury, under the instructions of the court, did not allow interest in favor of either party.) *W. & F.* bring the case here on error. The instructions and proceedings complained of are fully stated in the opinion.

*Horton & Waggener,* for plaintiff in error.

*H. & L. Cooper,* and *A. J. Banta,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: The defendant in error raises the question, that a certain portion of the transcript filed in this case, and claimed to be a bill of exceptions, is not a bill of

1. Bill of exceptions.

exceptions, and is not part of the record of the case. The plaintiffs in error make no reply thereto. Said supposed bill of exceptions commences with the words, "Be it remembered," etc., and then includes various proceedings of the court below, and rulings to which the plaintiffs in error, defendants below, excepted, and then concludes with the following words: "The defendants therefore ask that this their bill of exceptions may be signed by the judge and made a part of the record in this case, which is accordingly done." Then immediately following these words, and on the same piece of paper, comes a certificate, purporting to be a certificate of the judge and signed by the judge, certifying to the correctness of the matters and things previously set forth in the foregoing paper. The judge does not in his certificate call the paper a bill of exceptions, nor does he in said certificate order that it be made a part of the record. But still, as he knew what it was intended for, and approved it and signed it, we think it should be considered as a bill of exceptions, and as a part of the record in the case. Considering it then as a part of the record, does the record show any error in this case? In considering this question we shall follow the brief of plaintiffs in error.

We perceive no substantial error in the first instruction given by the court to the jury; and the plaintiffs in error have not pointed out to us where or how it could possibly prejudice their substantial rights.

We do not think the court erred by giving the second instruction to the jury. It reads as follows: "Interest cannot

2. Interest on running account.

be claimed on an open and running mutual account except by an agreement of parties." It would be strange if each item of an open, running, long-continued, mutula account should separately and on each side

draw interest from the earliest inception of each respectively until paid. It would even be strange if the ever-varying balances due on such an account should draw interest without any agreement therefor. We do not think that the statute provides for any such interest. The statute, (Laws of 1871, page 250,) does provide however, that "money due on settlement of accounts from the day of liquidating the same and ascertaining the balance," shall draw interest. And the statute also provides, that "money due and withheld by an unreasonable and vexatious delay of payment or settlement of accounts," shall draw interest. But the statute nowhere provides that where there has been no settlement, and no delay of settlement by either party, and the account is mutual, and still open and running, that the various items, or ever-varying balances on either side, shall draw interest. The plaintiffs in error claimed $26 as interest; and the judgment of the court below could easily be modified to that extent, if we thought the foregoing instruction erroneous; but we do not think that it is erroneous.

It was not error for the court to exclude certain evidence which was attempted to be introduced for the purpose of 3. Proof of value. proving the value of certain land, and which merely tended to prove that two certain men at a previous time appraised said land at a certain amount. Said evidence was not the best that could be procured, and was in its nature, hearsay. Better evidence was in fact introduced on the trial.

We think there was no error in "refusing to give other instructions asked for by the plaintiffs in error." There was only one instruction refused, and we think that all that was proper to be given was substantially given in other instructions.

The judgment of the court below will be affirmed.

All the Justices concurring.