No. 29,183.

GOVENIUS BROTHERS, a Copartnership Composed of H. J. Govenius, C. A. Govenius and P. A. Govenius, *Appellees,* v. E. P. REAGOR and R. L. WILDAY, Partners doing business as WILDAY & REAGOR, *Appellants.*

(288 Pac. 537.)

Opinion filed June 7, 1930.

*M. A. Merten,* of Augusta, and *K. M. Geddes,* of El Dorado, for the appellants.

*K. W. Pringle* and *G. Austin Brown,* both of Wichita, for the appellees.

The opinion of the court was delivered by

HARVEY, J.: This is an action for the balance claimed to be due on account for merchandise sold and delivered. Plaintiffs are merchants, dealing in builders' hardware, heating plants, etc. Defendants are contractors, and for many of their contract jobs bought material from plaintiffs. The account as set out contained a statement of the sums claimed to be due on the separate jobs extending over a period of about three years. Payments had been made from time to time. Many of the items are small. The pleadings disclosed that there was no controversy between the parties as to the items claimed by plaintiffs except as to those claimed for five jobs.

The trial court submitted to a jury, asked to answer special questions only, the controversies between the parties as to the sums claimed on these five jobs only. As to them the jury found for plaintiffs in the amount claimed as to two of the jobs and for defendants as to two of the jobs. Respecting these findings there is no substantial controversy presented in this court. The claim of the plaintiffs of $4,881.35 on what is known as the Christian church job is the only one over which there is any serious controversy in this court. It seems defendants had the contract for the construction of the Christian church and sublet installation of the heating system to plaintiffs. The plans shown by certain blue prints, and the specifications for the work, and the bid or proposal to do the work, constituted the contract between plaintiffs and defendants for the installation of the heating system. Attached to and forming part of the plans and specifications is the following:

"Guarantee: When the apparatus proposed to be furnished is completed in accordance with the condition hereof, the heating contractor shall and must guarantee it to circulate steam throughout the system, and in every radiator, without noise, with the steam pressure in the mains not to exceed two pounds.

"If, after this apparatus is installed, accepted and paid for, any part constructed in strict accordance with the drawing and specifications, or the true intent thereof, shall fail to accomplish the guarantee herein, by reason of any defect developing within the period of one full heating season, due to faulty materials or workmanship, the heating contractor shall remedy such defect at his own cost within a reasonable length of time after notice.

"The term 'defect' as above used shall not be construed as embracing such imperfections as would naturally follow improper treatment, accident, or the wear and tear of use, or the improper workings of the system, if the chimney is not of sufficient size to create a good draft."

The installation of the heating plant was completed in May and was then tested and circulated steam throughout the system in every radiator, without noise, with the steam pressure in the mains not exceeding two pounds. The next winter, when the plant was being used to heat the church, there was difficulty about the steam circulating through the system, so much so that the building committee of the church declined to pay defendants in full, and defendants in turn declined to pay plaintiffs. Plaintiffs were notified of the defective working of the system, had their workmen endeavor to correct it, without success, and sued for the full amount of their contract price.

The real controversy between the parties is the construction of that portion of the contract previously quoted. As the trial

court construed the contract, plaintiffs did not bind themselves to install a heating system that would heat the church, and as to this construction no fault can be found. The trial court further construed the contract as calling for the installation of certain specified materials for a heating system in accordance with the plans and specifications, and that if the system was installed with the materials, and as provided by the plans and specifications, and if when completed it complied with the guarantee in the respect that it circulated steam throughout the system and in every radiator, without noise, with the steam pressure in the mains not to exceed two pounds, that plaintiffs were entitled to recover. This interpretation of the contract was embodied in the instructions of the court, and the jury, in answer to special questions, found that at the time plaintiffs completed installation of the heating plant it did circulate steam throughout the system and in every radiator, without noise, with the steam pressure in the mains not to exceed two pounds. Appellants complain of that construction of the contract. We think it is erroneous. This construction omits to give force to the provision of the contract that if the system should fail to accomplish the guarantee by reason of any defects developing within the period of one full heating season, due to faulty materials or workmanship, the heating contractor should remedy such defects at his own cost within a reasonable length of time after notice. There was much evidence in the case that many times within the period of one full heating season the system would not circulate steam throughout the system, and in every radiator, without noise, with the steam pressure in the mains not to exceed two pounds, and that the trouble was in the pump, also in the valves. Witnesses, apparently qualified to testify, gave evidence as to the probable cost of correcting such defects.

The builders of the church wanted and contracted for something more than a heating plant with materials as called for and installed in accordance with the plans and specifications. They wanted one for the period of one full heating season at least that would function satisfactorily. Plaintiffs were bound by those provisions of the contract as much as by any other. In this respect the contract is similar to that involved in the case of the *City of McPherson v. Stucker,* 122 Kan. 595, 256 Pac. 963. This conclusion requires a reversal of the case.

One other question needs to be noted; that is, the allowance of

interest. Plaintiffs, of course, are not entitled to interest on the sum claimed for the Christian church job until the amount due them is ascertained. With respect to the other items of the account on which interest was allowed by the court, the account appears to be simply a merchant's mutual running account with a customer. No reason is suggested why the several items on it should bear interest other than from the date of the last payment. (*Williams v. Hersey,* 17 Kan. 18; *Trust Co. v. Robinson,* 89 Kan. 842, 132 Pac. 979.) Payments more than enough to pay all items other than the sum claimed for the Christian church job had been made some time before action was brought. The result is, no interest should have been included in the judgment.

The judgment of the court below is reversed for a new trial in accordance with the views herein expressed.