Plaintiff, an employee of the Silas Mason Company at the Louisiana Ordnance Plant in Webster Parish, sustained disabling injuries in a motor vehicle accident on the premises of her employer, and brings this suit against the defendant to recover $150 alleged to be due her under the provisions of a group insurance policy issued by defendant to said Silas Mason Company.
The part of the policy relied upon for recovery reads as follows, to-wit: "Upon receipt of due proof that any employee, while insured under this policy, shall have become wholly and continuously disabled as a result of (a) non-occupational accidental bodily injuries or (b) non-occupational sickness, and thereby be prevented from performing any and every duty pertaining to his employment, the Society will, subject to the limitations and provisions of this policy, pay to such employee for the period set forth in the provision hereof entitled 'Period of Benefits', payments at a rate determined in accordance with the provision hereof entitled 'Amount of Insurance'."
Paragraph (d) under "Limitations" provides that no benefits under the policy are payable "for disability due to accidental bodily injuries arising out of and in the course of the employee's employment".
The policy further provides that benefits thereunder shall be payable for not more than ten weeks for any one disability excluding the first seven days thereof, at the rate of $15 per week. The weekly payments are based upon the annual salary received by each employee.
Plaintiff contends that the accident was nonoccupational. Defendant resists the suit on the theory that the accident was occupational and that the disabling bodily injury sustained by plaintiff, as a result thereof, arose out of and in the course of her employment, in which case the Workmen's Compensation law, not the policy provisions, would be applicable.
Plaintiff was given judgment for the amount for which she sued. After unsuccessful effort for a rehearing defendant appealed.
The facts of the case are not in dispute. A legal question only is tendered. Trial was had upon an agreed statement of facts from which we quote the following:
"That Louisiana Ordnance Plant occupies an area of several hundred acres, divided into various areas.
"When Mrs. Morgan reported for work in the morning, she went to the main gate of the Louisiana Ordnance Plant in her own automobile.
"After arriving at the main gate of the plant, Mrs. Morgan entered a bus owned and operated by Silas Mason Company and was transported in said bus from the gate to the area wherein she performed the *Page 597 
duties of her employment, and after she had completed the performance of her duties each day, she was transported by the same or a similar bus from the area in which she had been working to the main gate of the plant. This transportation from the main gate to the working area and return was furnished by Silas Mason Company at no expense to Mrs. Morgan.
"No persons or vehicles are allowed to drive within the areas in which operations are being carried on without special permission, and no employees are allowed to drive their own automobiles within these areas.
"Mrs. Morgan was compensated on a per hour basis. Her pay did not start until she had actually checked into the area wherein she worked and 'punched in' on the time clock of that area, and her 'pay time' stopped when she 'punched out' on the time clock at the completion of her day's work and before entering the bus to return to the main gate.
"On May 15, 1944, while returning to the gate after her work for that day had been completed, the bus on which she was riding overturned at a point between the area wherein she had been working and the main gate of the plant. This point was within the confines of the Louisiana Ordnance Plant.
"As the result of the accident, Mrs. Morgan suffered certain injuries which rendered her unable to perform her work and which disability continued for a period in excess of ten weeks.
"Mrs. Morgan applied for Workmen's Compensation and has been paid approximately ten weeks by The Travelers Insurance Company, the compensation insurer of Silas Mason Company."
It will be observed from the admitted facts that for plaintiff to perform the duties of her employment (occupation) it was indispensable that she avail herself of the means of transportation provided by her employer from the main entrance or gate of its premises to the place where her duties were actually performed, and return thereto. This transportation was without cost to the employees. It was an obligation assumed by the employer and an integral element of no small value of the contracts of hiring. It was doubtless adopted for more reasons than one. Plaintiff was injured after completing work for the day, when the bus on which she was returning to the gate, overturned.
[1] In view of these undisputed facts the question that arises and must be determined is whether the accident arose out of and occurred in the course of plaintiff's employment. If so, under the plain and unambiguous terms of the policy she is without right to recover herein.
True it is, that plaintiff's wages began to accrue only when she "punched in" on the time clock and actually began work, and ceased when she "punched out" thereon, but these facts are not controlling of the question whether or not her relationship to the employer was such when the accident happened to characterize it as having arisen out of and in the course of her employment.
[2] The word "occupational" is defined as "of or pertaining to an occupation, trade or work". Nonoccupational, of course, means "not of or pertaining to an occupation, trade or work". If plaintiff had experienced an accident causing bodily injuries after leaving the employer's premises, or while on return thereto, after leaving, it is clear that such an accident would be nonoccupational, because, in no sense of the term, could it be said that in such circumstances the injuries resulting from the accident were sustained in the course of her employment.
Paragraph (d) of "Limitations" quoted above, for the purposes of the group policy makes clear what the policy means by "non-occupational" injury. It is clearly reflected from the language of this paragraph that if the accident and consequent bodily injury or injuries arose out of and in the course of employment it should be classed as occupational, and would be compensable under the Workmen's Compensation Law; otherwise, the accident and consequent injury or injuries would be nonoccupational.
It is not uncommon, as the jurisprudence of the courts of this state reveal, for employers, as a part of contracts of hiring, to provide free transportation to employees from a fixed place to the situs of work they are employed to perform, and return. Particularly is this common by sawmill companies and persons engaged in construction work.
It has been invariably held in such circumstances that accidental injuries sustained *Page 598 
by an employee while being thus transported to or from the locus of his work arise out of and in the course of employment, and, consequently, are compensable under the Workmen's Compensation Law. To state it differently, the relationship of employer and employee subsists while going to and returning from work, although wages only accrue while work is actually done. The necessities of the employment, in such cases, require that the injured employee be at the place where the injury occurs at that particular time. Williams et al. v. O. K. Construction Company, Inc. et al., La. App., 151 So. 784; Thompson et al. v. Bradford Motor Freight Line et al., La. App., 148 So. 79; Mahaffey v. Mill Creek Lumber Company et al., La. App., 147 So. 834; Sellers v. Louisiana Sawmill Company, Inc., 8 La. App. 779; Baker v. Texas Pipe Line Company, 5 La. App. 25.
The question is reviewed and discussed somewhat at length in the Mahaffey case.
[3] It seems obvious that the group policy was intended to measurably protect employees against loss for periods of disability in case of accident, not to exceed ten weeks, where the facts of the accident and consequent injury did not warrant the payment of workmen's compensation. The policy clearly contemplates that so long as an employee is in the discharge of the duties of his occupation or is engaged in some activity necessarily incidental thereto, in the furtherance of the employer's business, the policy provisions would not apply. In this case it is admitted that the carrier of workmen's compensation insurance for Silas Mason Company recognized its liability to plaintiff, as an employee of said company, and has paid her the maximum weekly compensation payments for ten weeks or more.
We are clear in the opinion that the judgment appealed from is erroneous and, for the reasons herein assigned, it is annulled and reversed. Plaintiff's suit is dismissed at her cost. *Page 681