WIGGINTON, Judge.
This appeal challenges the correctness of a summary final judgment rendered in favor of appellee in a suit brought by him to recover the proceeds of a life insurance policy issued by appellant. The sole con *693 tention is that the court misconstrued the provisions of the life insurance policy involved herein and erred in holding that ap-pellee was entitled to judgment as a matter of law.
Appellant issued to appellee a student accident insurance policy'in which appellee’s minor son was the named insured. The policy provides for payment in the sum of $1,500.00 in the event of the accidental death of the insured minor. An endorsement to the policy carried the following exclusionary provision, to wit:
“This Policy does not cover the Insured, nor is any premium charged for; (i) loss covered by Workmen’s Compensation Insurance; . . . .”
While the policy was in full force and effect, appellee’s son was employed during the summer months by Florida Feed Mills, Inc. His duties entailed the unloading of grain from railroad hopper cars. While so employed he accidentally fell into- one of the hopper cars and died of suffocation. At the time of his death the insured was seventeen years of age, had never been married, and had no dependent children or dependent parents within the meaning and intent of the workmen’s compensation law of Florida. Florida Feed Mills, Inc., for whom the insured was working at the time of his death, was the holder of a workmen’s compensation insurance policy issued by Aetna Life and Casualty Company.
There is no question hut that appellee’s minor son was an employee of Florida Feed Mills, Inc., during the term of his employment with that concern and was entitled to all the benefits of the workmen’s compensation law and the Aetna insurance policy issued in conformity therewith.[1] It is equally clear, however, that although the workmen’s compensation act provides for the payment of compensation in the event of the death of an employee, such compensation is payable only to a narrow classification of beneficiaries, to wit: surviving spouses, surviving dependent children, dependent parents, or dependent brothers, sisters, and grandchildren.[2] Since it is agreed by stipulation in the case sub judice that the insured minor involved in this case had never been married and was not survived by any dependent spouse, parent or child, no compensation is payable to appel-lee or anyone else on account of the insured’s death under the workmen’s compensation law of Florida or the policy issued by Aetna.
It is the position of appellant that since the insured minor and the loss occasioned by his death were covered by the Aetna Casualty Company’s workmen’s compensation policy, he came within the exclusionary clause of the student accident insurance policy issued by appellant, thereby relieving appellant from liability. This position is insisted upon despite the admitted fact that no compensation whatever is payable under the workmen’s compensation insurance policy on account of the insured’s death, because there exists no class or classes of persons entitled to compensation within the limitations and restrictions of the workmen’s compensation law. With this contention we are unable to agree.
The student accident insurance policy issued by appellant clearly covers the insured minor during the period of his employment with Florida Feed Mills, Inc. It specifically provides for payment of an agreed sum in the event the insured meets his death from accidental means. While it is true that his employment brought him within the protection of the workmen’s compensation insurance policy held and maintained by his employer, the fact remains that this insurance policy afforded no benefits for a loss resulting from the insured’s death except funeral benefits which are not a point of controversy in this proceeding. It is our construction of the exclusionary clause contained in the insurance policy sued upon herein that its purpose and intent is to prevent double payment to the insured or his *694 beneficiaries of benefits arising from a single loss which is compensable under both the policy sued upon and a workmen’s compensation insurance policy covering the insured and in effect at the time of the loss. The mere fact that the insured minor was covered under a workmen’s compensation policy which afforded compensation for loss of life under circumstances not present in this case does not relieve appellant from liability for death benefits granted under the provisions of its insurance policy sued upon herein. It is our conclusion that the trial court correctly interpreted the exclusionary clause of the insurance policy issued by appellant and properly held it liable for the death benefit specified in its policy.
The judgment appealed is accordingly affirmed.
RAWLS, Acting C. J., and JOHNSON, J., concur.

. F.S. §§ 440.02, 440.03, F.S.A.

. F.S. § 440.16, F.S.A.