**Lloyd RICH, Appellant,**

**v.**

**DYNA TECHNOLOGY, INC., and Connecticut General Life Insurance Company of Hartford, Connecticut, Appellees.**

**No. 55306.**

Supreme Court of Iowa.

Feb. 21, 1973.

Paul W. Deck, Sioux City, for appellant.

Shull, Marshall, Marks & Vizintos, Sioux City, for appellees.

Heard before MOORE, C. J., and MA-SON, RAWLINGS, REYNOLDSON and McCORMICK, JJ.

REYNOLDSON, Justice.

Plaintiff, Lloyd Rich, commenced this law action against Dyna Technology, Inc., his former employer, and Connecticut General Life Insurance Company, to recover benefits under a group health and accident policy issued by the defendant insurer to the defendant employer for the benefit of its employees. Trial court entered summary judgment for defendants. We reverse and remand.

In disallowing the claim, defendants affirmatively alleged as a defense certain policy exclusions denying benefits relating to injuries or sicknesses for which the employee is entitled to workmen's compensation benefits. Plaintiff suffered a heart attack while at work on October 18, 1968. On December 3, 1968, plaintiff filed an "Application for Arbitration" with the industrial commissioner pursuant to § 86.14, The Code. The application was on the form prescribed by the industrial commissioner's rules. See 1971 I.D.R. 520. In the application plaintiff alleged, "[H]e sustained a personal injury or occupational disease arising out of and in the course of the employment at said Employer's place of business * * *." Plaintiff further stated he suffered permanent heart injury while shoveling coal into a hopper and

probably would be permanently, totally disabled. Responding to the form's inquiry, "What is the dispute in this case?" plaintiff replied, "Compensability."

An arbitration hearing was never held. Instead, on March 26, 1969 plaintiff entered into a "Special Case Settlement" with employer and employer's workmen's compensation insurance carrier, Travelers Insurance Company. In this instrument it was stipulated the employer and Travelers contended claimant did not receive a compensable injury during and in the course of his employment; did not suffer an original heart attack on employer's premises on October 18, 1968; and claimant's problems were in no way work connected. It was further stipulated that claimant (plaintiff here) had grave doubts he would be able to recover if the matter went to hearing before the industrial commissioner. Under a denial of liability the employer and Travelers agreed to pay claimant (plaintiff) a lump sum of $6500 and to pay certain medical bills. Claimant, in return, agreed to dismiss his pending workmen's compensation claim, and to release the employer and Travelers from any and all claims under the Iowa workmen's compensation act.

I. Defendants assert the above described "Special Case Settlement" constituted an agreement under § 86.13, The Code, which so far as pertinent here provides:

> "*86.13 Compensation agreements.* If the employer and employee reach an agreement in regard to compensation, a memorandum thereof shall be filed with the industrial commissioner by the employer or the insurance carrier, * * *.
>
> "* * *
>
> "Such agreement shall be approved by the said commissioner only when the terms conform to the provisions of this and chapter 85."

We have held an "agreement" filed under this statute settles the following as a matter of law: (1) the employer-employee relationship and (2) the injury was one arising out of and in the course of employment. Whitters & Sons, Inc. v. Karr, 180 N.W.2d 444 (Iowa 1970); Dietz v. Pioneer Hi-Bred Corn Co., 231 Iowa 220, 1 N.W.2d 235 (1941).

Defendants assert these issues were thus settled as matters of law (thereby resolving all factual disputes), and consequently the exclusionary language in the policy sued on in this case clearly precludes any coverage for plaintiff.

Defendants' argument suffers from several fatal weaknesses. In the first place, it is obvious this "Special Case Settlement" was not the type of agreement contemplated by § 86.13, The Code. These parties never reached an agreement as to compensation, or even compensability. They merely agreed that they disagreed. The settlement was basically a "release" and, as such, it is to be construed according to its terms. See Renner v. Model Laundry, Cleaning & Dyeing Co., 191 Iowa 1288, 184 N.W. 611 (1921). In the settlement the employer and Travelers denied liability and asserted plaintiff had not suffered an original heart attack on employer's premises. This is the absolute antithesis of a memorandum of agreement under § 86.13. A memorandum of agreement is an admission on the part of the employer or his insurance company that the injury arose out of and in the course of employment. Ordinarily, it is not even signed by the employee. Dahl, Iowa Workmen's Compensation, 19 Drake L.Rev. 393, 405 (1970). The settlement in this case contained no such admission, unilateral or otherwise, nor did it bear any resemblance to the industrial commissioner's form number 4, "Iowa Memorandum of Agreement as to Compensation," 1971 I.D.R. 506. It is plain the parties did not intend the "Special Case Settlement" to be a § 86.13 memorandum of agreement.

Secondly (noteworthy but of lesser importance), the record does not show the

settlement was ever filed and approved by the industrial commissioner. Thus, according to the record before us, there was no final adjudication of any type. The doctrine of issue preclusion, only inferentially raised here, if at all, has no application.

■ Even assuming the settlement was filed with and approved by the commissioner, this would be at most a final adjudication that a bona fide dispute existed as to liability, and without resolving the issue, the parties agreed to settle the case. Mere approval by the commissioner of a settlement, under a denial of liability, could not impart to it the status of a memorandum of agreement. In thus construing the instrument before us, we do not decide the question of the legal efficacy of such settlements in the workmen's compensation arena. That issue is not before us here.

■■ II. It is the burden of the party moving for summary judgment to establish there is no dispute about the facts entitling him to judgment. Tip Top Distributing Co. v. Insurance Plan S. & L. Ass'n, 197 N.W.2d 565 (Iowa 1972); Continental Ill. Nat. B. & T. Co. v. Security State Bank, 182 N.W.2d 116 (Iowa 1970). The motion for summary judgment here and the resistance were both supported by affidavits. When we view the record in the light most favorable to plaintiff it is clear defendants did not sustain their burden of showing that there was no dispute over whether plaintiff had suffered an injury arising out of, or in the course of, his employment. See Continental Ill. Nat. B. & T. Co. v. Security State Bank, supra.

III. But the defendants argue further the clear intent of the coverage limitations in the group insurance policy was to exclude those claims which are compensated under any workmen's compensation or similar law. It is undisputed plaintiff was paid a sum of money by the employer and its compensation carrier. Therefore, defendants argue, plaintiff's claim is clearly excluded from coverage under the group policy.

■ Since the defendants pleaded the limitations of the policy as an affirmative defense the burden is on them to prove that defense by a preponderance of the evidence. See rules 344(f)(5) and (6), Rules of Civil Procedure; Lamar v. Iowa State Traveling Men's Ass'n, 216 Iowa 371, 249 N.W. 149 (1933); Sykes v. Nationwide Mutual Insurance Company, 413 Pa. 640, 198 A.2d 844 (1964).

■ Assuming the exclusionary language is unambiguous as defendants assert, the intent is then to be determined by what the contract itself says. See rule 344(f)(14), R.C.P. The policy with respect to medical expense insurance says,

"No payment will be made under this policy for expenses incurred by an Employee or a Dependent 1. for or in connection with any injury arising out of, or in the course of, any employment for wage or profit; 2. for or in connection with a sickness for which the Employee or Dependent is entitled to benefits under any workmen's compensation or similar law * * *."

The policy with respect to disability insurance provides,

"No payment will be made for any disability 1. which is caused by injury arising out of, or in the course of, any employment for wage or profit; 2. which is caused by sickness for which the employee is entitled to benefits under any workmen's compensation or similar law * * *."

■ The above language makes plain it is the employment-connection of the injury or sickness suffered which triggers the exclusionary clause, not the fact of actual receipt of money. See Wenthe v. Hospital Service, Incorporated, of Iowa, 251 Iowa 765, 100 N.W.2d 903 (1960). As we noted above, there is an unadjudicated dispute over the fact of causal relationship between the employment and the injury. The plaintiff should have been given the opportunity to have that issue litigated.

Plaintiff's specific admissions in his "Application for Arbitration" and "Special Case Settlement" are receivable as evidence indicating the injury arose out of and in the course of employment. See Hofer v. Bituminous Casualty Corporation, 260 Iowa 81, 148 N.W.2d 485 (1967); Langdon v. Ahrends, 166 Iowa 636, 147 N. W. 940 (1914), cited with approval in Southern Surety Co. v. Chicago, R. I. & P. Ry. Co., 215 Iowa 525, 245 N.W. 864 (1932). But that evidence however damaging as an admission, is no more conclusive here than the equally damaging and opposing contentions of the employer in the "Special Case Settlement" that the injury was not work-connected. The mere fact that the employer and Travelers paid money in settlement does not conclusively show the injury was work-related and compensable. See Renner v. Model Laundry, Cleaning & Dyeing Co., supra; Smith v. Allied Mutual Casualty Company, 184 Kan. 814, 339 P.2d 19 (1959).

■ Let us assume the language of the exclusion is ambiguous. Then the following rule is applicable: Where insurance contracts are ambiguous, require interpretation, or are susceptible to two equally proper constructions, the courts will adopt the construction most favorable to the insured. See Brush v. Washington Nat. Ins. Co., 230 Iowa 872, 299 N.W. 403 (1941). Applying this rule to the instant case we reach, a fortiori, the same result as under the previous assumption: There is present in the case before us a factual dispute (whether the injury arose out of and in the course of plaintiff's employment) which requires that the motion for summary judgment be overruled.

IV. Defendants finally argue "Plaintiff has been compensated for his loss under procedures, rules and regulations established under the Iowa Workmen's Compensation Act and to permit the opportunity for a double recovery now would be unjust and inequitable." Defendants fail to cite any authority for this proposition and we find none. There is no indication plaintiff is going to receive a "double recovery." We disagree with defendants' premise that plaintiff has been compensated under the workmen's compensation law.

■ There are only two means by which a claimant can be compensated under the workmen's compensation law, either a memorandum of agreement or an arbitration hearing. Note, Iowa Workmen's Compensation Procedure, 45 Iowa L.Rev. 787 (1960); see Whitters & Sons, Inc. v. Karr, 180 N.W.2d 444 (Iowa 1970). Neither of these means were utilized here. It does not appear in the record that the employer ever filed a "First Report of Injury" or a "Report of Workmen's Compensation Benefit Payments Made in this Case and Employee's Receipt for Payments Made." See industrial commissioner's rules 1.1(1), 1.1(4), 1971 I.D.R. 503, 507. Neither was an "Application for Commutation and Order for Lump Sum Payment" ever filed. See industrial commissioner's rule 1.1(5), 1971 I.D.R. 509. This plaintiff was never compensated for his loss under the provisions of the Iowa workmen's compensation act.

Plaintiff might have received some intangible, esoteric benefit because of the workmen's compensation law which permitted him to make a settlement with the employer and its compensation carrier. But that type of benefit is certainly not the type of "benefits" contemplated by the exclusionary language of the policy. Cf. Schweigert v. Beneficial Standard Life Insurance Co., 204 Or. 294, 282 P.2d 621 (1955).

Nor do we find anything unjust or inequitable in permitting a plaintiff to bring suit for benefits under an insurance policy, procured for his benefit, and for which he has contributed premiums, which does not clearly exclude his injury from coverage.

Since we agree with plaintiff that there was a material fact in dispute, that is, whether plaintiff sustained an injury or sickness arising out of and in the course of

his employment which entitled him to workmen's compensation benefits, trial court must be reversed, and the case remanded for trial on the merits.

Reversed and remanded.