ROBERT E. SIMS *v.* FIRST NATIONAL BANK OF
MARYLAND ET AL.

[No. 904, September Term, 1978.]

*Decided April 18, 1979.*

The cause was argued before MELVIN, COUCH and
MACDANIEL, JJ.

*Darrel L. Longest* for appellant.

*Michael A. Pretl,* with whom were *M. King Hill, Jr., Ronald
G. Dawson* and *Smith, Somerville & Case* on the brief, for
appellees.

MACDANIEL, J., delivered the opinion of the Court.

This appeal is from the entry of summary judgment against
the appellant, Robert E. Sims, in the Circuit Court for
Montgomery County.

On November 2, 1976, the appellant, who worked for First
National Bank of Maryland, one of the appellees, suffered a
back injury. He filed a claim for compensation benefits with
the Workmen's Compensation Commission of Maryland. On
March 1, 1977, the Commission completely disallowed the

claim, stating that "the claimant did not sustain an accidental injury arising out of and in the course of employment . . . ."

On June 24, 1977, the appellant, the First National Bank of Maryland, and Maryland Casualty Company, the bank's insurer under the Workmen's Compensation Laws of Maryland, entered into an "Agreement of Final Compromise and Settlement," which provided, in part:

> "WHEREAS, the Claimant has filed a claim with the Workmen's Compensation Commission of Maryland, hereinafter called the Commission, to recover workmen's compensation benefits for alleged disability resulting from accidental personal injury or disablement from occupational disease, arising out of and in the course of his or her employment with the Employer, which injury or disablement is alleged to have occurred on or about the 2nd day of November 1976; and
>
> "WHEREAS, the Employer and Insurer deny the allegations of the Claimant, either in whole or in part, so that there now exists a dispute between the Claimant on the one hand, and the Employer and Insurer on the other, as to whether the Claimant is entitled to any workmen's compensation benefits and/or, if so entitled, as to the nature and extent of disability involved and the benefits or additional benefits to be paid or provided; and
>
> "WHEREAS, irrespective of and notwithstanding the divergent views held by the parties . . . the said parties have reached an agreement providing, subject to the approval of the Commission, for a final compromise and settlement of any and all claims which the Claimant or his or her personal representative or beneficiaries might now or could hereafter have under the provisions of the said Workmen's Compensation Law against the Employer and/or the Insurer:
>
> . . . .
>
> "2. The Claimant hereby accepts the said

agreement and the aforesaid payment(s) in final compromise and settlement of any and all Claims which the Claimant, his or her personal representative, dependents, wife and children or any other parties who might become beneficiaries under the said Workmen's Compensation Law, might now or could hereafter have under the provisions of the said Law, arising out of the aforesaid injury or disablement or the disability resulting therefrom, and does hereby, on behalf of himself or herself and all of said other parties, release and forever discharge the Employer and Insurer, their personal representatives, heirs, successors and assigns, from all other claims of whatsoever kind which might or could hereafter arise under the said Law from the said injury, disablement or disability.

"3. This Agreement is made subject to the approval of the Commission, and when so approved shall immediately become effective and binding upon all of the parties hereto."

The agreement was approved by the Workmen's Compensation Commission on June 28, 1977.

At the time of the injury, First National Bank provided for its employees a "Long Term Salary Continuance Accident and Sickness Policy" through the Insurance Company of North America, an appellee in this case. The policy entitled employees to monthly disability payments based on a percentage of the employee's base monthly salary. A stipulation of the policy was that:

"The Monthly disability benefit shall be reduced by the Monthly pro-rata portion of any benefits payable under any applicable Workmen's Compensation Act...."

After the June 24, 1977, agreement and settlement, the appellees discontinued the payments to the appellant under the above insurance policy. Thereupon, the appellant brought an action for specific performance under the policy. The

appellees moved for summary judgment in their favor. They cited § 52 of Article 101 of the Annotated Code of Maryland, which provides:

"§ 52. *Compromise and settlement.*

At any time after a claim for compensation under this article has been filed with the Workmen's Compensation Commission by any claimant, and said claimant and/or his or her dependents may, with the approval of the Commission, enter into an agreement with the employer or insurer of such employer or with the Subsequent Injury Fund providing for a final compromise and settlement of any and all claims which the said employee or his or her dependents might then or thereafter have under the provisions of this article, upon such terms and conditions as the Commission shall, in its discretion, deem proper. Any such settlement when approved by the Commission shall be binding upon all parties thereto, and no such settlement shall be effective unless approved by the Commission. . . ."

The appellees argued that the monies received by the appellant pursuant to the June 24, 1977, settlement were "benefits payable under any applicable Workmen's Compensation Act." After a hearing, the lower court granted the appellees' motion for summary judgment. We will affirm that decision.

The outcome of this case is determined by the construction given to the words in the June 24, 1977 settlement in light of § 52 of Article 101, *supra.*

We hold that the June 24, 1977 agreement and settlement concerned Workmen's Compensation benefits. The agreement specifically provided that the payments were in "final compromise and settlement of any and all Claims . . . under the said Workmen's Compensation Law . . . ." In addition, the agreement was approved and signed by the Commission pursuant to § 52 of Article 101.

The appellant argues that the payments received were not

pursuant to the Workmen's Compensation Law because the settlement was made *after* the Commission adjudicated his claim as having no merit. We do not find this argument persuasive for two reasons. First, § 52 provides that a settlement may be entered into *"at any time after* a claim for compensation under this article has been filed with the Workmen's Compensation Commission . . . ." (emphasis added). That section does not state that the settlement must be reached before the claim is adjudicated. In addition, the appellant himself states in his brief:

> ". . . the settlement was entered into for the purpose of the insurer avoiding further litigation on appellate review."

Clearly, both parties considered the settlement to be a direct result of the Workmen's Compensation claim that had been filed.

The appellant relies on *Rich v. Dyna Technology, Inc.,* 204 N.W.2d 867 (1973), in support of his argument. That case, however, is not binding precedent in Maryland, nor is it factually apposite. In that case, the Workmen's Compensation Law provision on "compensation agreements," the agreement, and the insurance policy stipulation materially differed from those in the present case. The same result is not mandated in the two cases.

Therefore, the lower court did not err in granting summary judgment to the appellees. Maryland Rule 610.

*Judgment affirmed.*
*Costs to be paid by appellant.*