(773 P.2d 678)

No. 62,718

RONNIE G. CRAWFORD, *Appellee*, v. PRUDENTIAL INSURANCE COMPANY OF AMERICA, *Appellant*.

Opinion filed April 28, 1989.

*John R. Cunningham*, of White, O'Connor & Werner, P.A., of Pittsburg, for appellant.

*Timothy A. Short*, of Spigarelli, McLane & Short, of Pittsburg, for appellee.

Before ELLIOTT, P.J., BRISCOE and BRAZIL, JJ.

BRAZIL, J.: Prudential Insurance Company of America (Prudential) appeals a district court decision finding that insurance coverage exists and awarding prejudgment interest and attorney fees to Ronnie Crawford. We reverse.

A. I. Leonard was hired by John McCullough of Pittsburg Aluminum Recycling to repair the recycling plant's roof. Leonard, in turn, hired or contracted with Crawford to help him at $8.00 per hour. The men drove to the job site in Leonard's truck and used Leonard's tools.

McCullough did not hire Crawford and did not know Crawford was helping Leonard. Upon completion of the job, McCullough

paid Leonard, who then paid Crawford. McCullough did not withhold any money from Leonard's check.

Crawford testified that he was working for Leonard. He said Leonard instructed him on what to do and could fire him. Leonard testified that he and Crawford entered a 50/50 deal and an employer-employee relationship was not created.

Leonard, who had no workers' compensation insurance, testified he was a self-employed general contractor with a payroll of less than $10,000 per year.

On the third day of the reroofing job, Crawford fell through the roof. Crawford sustained medical expenses as result of the fall totaling $8,366.80.

Crawford filed a claim under his wife's group health insurance policy which she received through her place of employment. The policy was issued by Prudential. Prudential refused to cover the injury on the basis of the occupational injury or disease exclusion. The exclusion states that generally excluded charges include: "charges incurred in connection with (a) injury arising out of, or in the course of, any employment for wage or profit."

This case was submitted to the trial court on stipulated facts. The trial court granted judgment for Crawford and ordered Prudential to pay Crawford $8,366.80 under the insurance policy. The district court also ordered Prudential to pay ten percent annual interest from August 26, 1987, until entry of the judgment and attorney fees in the sum of $2,788.93. The district court based its judgment on the following findings:

1. that Crawford was not an employee of Pittsburg Aluminum Recycling;
2. that Crawford was not an employee of Leonard;
3. that even if Crawford was an employee of Leonard, his injury would not be compensable through workers' compensation because Leonard's payroll was below the statutory minimum;
4. that Crawford's injury did not "arise out of and in the course of employment" and is not compensable under the Kansas Workers' Compensation Act;
5. that the exclusion Prudential relies on does not apply unless (a) workers' compensation benefits have been recovered or (b) the injured party has a legal right to recover workers' compensation benefits, regardless of whether a claim is made for benefits;

6. that the purpose of the exclusion is to prevent double recovery;
7. that the exclusion does not apply in this case because Crawford did not recover workers' compensation benefits and does not have a legal right to recover benefits.

1. Insurance policy exclusion.

The facts of this case are not in dispute. The parties are in disagreement as to whether the insurance contract exclusionary clause regarding occupational injury prohibits Crawford from receiving insurance to cover his injuries. The standard of review in an insurance contract construction case was set forth in *Farm Bureau Mut. Ins. Co. v. Horinek*, 233 Kan. 175, 177, 660 P.2d 1374 (1983). The court stated:

"The construction and effect of insurance contracts are questions of law to be determined by the court. None of the facts are disputed by the parties. If the facts are admitted, then it is for the court to decide whether they come within the terms of the policy, and the function of the appellate court is the same as the trial court."

This court should review the policy and determine whether it covers Crawford's claims.

If the insurance contract is unambiguous, "the words are to be taken and understood in their plain, ordinary and popular sense, and there is no need for judicial interpretation." *American Media, Inc. v. Home Indemnity Co.*, 232 Kan. 737, Syl. ¶ 5, 658 P.2d 1015 (1983).

Prudential argues that the language of the policy has acquired a definite meaning pursuant to *Bienz, Administratrix v. John Hancock Mutual Life Ins. Co.*, 195 Kan. 422, 407 P.2d 222 (1965). Prudential asserts that the language of the policy exclusion has the same meaning the words "injury by accident arising out of and in the course of employment" (K.S.A. 1988 Supp. 44-501[a]) have in the Workers' Compensation Act and, if strictly construed, would prohibit Crawford from receiving benefits under the policy. Prudential argues that the trial court erred in finding *Bienz* means the policy exclusion applies only when the injured worker has recovered or has the right to recover benefits from workers' compensation.

In *Bienz*, the insured was killed when his private plane crashed while returning from a business trip. The insured's

estate sought to recover death benefits. The insurance company claimed that payment of benefits was excluded because the policy provided that no payment should be made "for any loss of life caused by 'injuries arising out of and in the course of employment for wage or profit.' " 195 Kan. at 423. The trial court granted judgment to the insurance company, and the Supreme Court affirmed. 195 Kan. at 423, 429.

In deciding the case, the court stated that the words " 'injuries arising out of and in the course of employment for wage or profit' . . . have, by judicial construction, acquired a definite meaning which is generally recognized, and when used in an exception clause in a group insurance policy, were intended to have the same meaning they have in the Workmen's Compensation Act." 195 Kan. 422, Syl. ¶ 1. The court further stated: "We are of the opinion that the phrase as used in the exclusion clause of the defendant's policy was intended to exclude from the benefits of the policy persons whose claims *might* be based on injuries compensable under the Workmen's Compensation Act." (Emphasis added.) 195 Kan. at 426.

In this case, the trial court extended *Bienz* by holding that the exclusion does not apply unless workers' compensation benefits have been recovered or the injured party has a legal right to recover workers' compensation benefits. The trial court in effect held that the injury may *arise out of, or in the course of, employment for wage or profit,* but if workers' compensation is not available for some other reason, the exclusion is not applicable. We disagree, and read *Bienz* to say only that workers' compensation law should be used to determine whether an injury *arises out of and in the course of employment* so as to trigger the exception.

Did Crawford's injury arise "out of and in the course of employment" as defined by workers' compensation law? K.S.A. 1988 Supp. 44-501. The exclusionary language was defined in the case of *Hormann v. New Hampshire Ins. Co.,* 236 Kan. 190, 197-98, 689 P.2d 837 (1984). The court said:

"The phrase 'in the course of' employment relates to the time, place and circumstances under which the accident occurred, and means the injury happened while the workman was at work in his employer's service. The phrase 'out of' the employment points to the cause or origin of the accident and requires some causal connection between the accidental injury and the employment. An injury arises 'out of' employment if it arises out of the nature, conditions, obligations and incidents of the employment."

In this case, there is some dispute as to who is Crawford's employer; however, it is evident that Crawford fell through the roof while working for wages. It is also clear that the injury arose out of the employment because the condition of the roof Crawford was working on caused the fall. If Crawford had not been reroofing, he would not have been injured in that manner.

Based on the clear language of the insurance policy, Crawford's injury falls under the exception and Prudential should not be required to pay the claim unless the exclusion becomes inoperable for some other reason.

Several other states have dealt with similar cases. In *Craighead v. Equitable Life Assurance Soc. of U.S.*, 324 So. 2d 554 (La. App. 1975), the insured fell overboard and died during the course of his work in the vessel's navigation room. The insured's estate sought death benefits. The insurance company refused to pay based on the exclusion which provided that " '[n]o payment shall be made under this policy for any loss resulting from . . . (e) bodily injuries arising out of and in the course of the employee's employment.' " 324 So. 2d at 556. The court stated the issue of the case as follows:

"Under limitation (e) quoted above, if the decedent was killed in an accident arising out of and in the course of his employment, the defendant is entitled to judgment as a matter of law and the judgment of the trial court must be affirmed. If, on the other hand, the decedent was not killed in an accident arising out of and in the course of his employment, the plaintiffs are entitled to the proceeds of the non-occupational accident policy and the judgment must be reversed." 324 So. 2d at 556.

The court stated that workers' compensation cases may be persuasive if the cases construe the identical policy language, but should not be determinative. Rather, the issue of coverage "is to be determined by whether or not recovery can be had under the terms of the policy and the facts of the injury." 324 So. 2d at 556. The court concluded that the insured was performing services which arose out of and in the course of his employment at the time of his death, and was therefore not entitled to receive the insurance proceeds. 558 So. 2d at 558.

A second Louisiana case, *Morgan v. Equitable Life Assur. Soc.*, 22 So. 2d 595 (La. App. 1945), dealt with a nearly identical limitation. The court stated: "In view of these undisputed facts the question that arises and must be determined is whether the

accident arose out of and occurred in the course of plaintiff's employment. If so, under the plain and unambiguous terms of the policy she is without right to recover herein." 22 So. 2d at 597. The court decided that the accident arose in the course of the plaintiff's employment and reversed a lower court judgment for the plaintiff. 22 So. 2d at 598. The court noted that the plaintiff received workers' compensation for her injury and the insurance policy was intended to cover losses outside of the scope of employment. 22 So. 2d at 598.

In *Rich v. Dyna Technology, Inc.*, 204 N.W.2d 867 (Iowa 1973), the insured sought to recover from his health insurance for heart injury he suffered while shoveling coal at work. The insurance carrier denied coverage based on an exclusion which states in relevant part: " 'No payment will be made under this policy for expenses incurred by an Employee or a Dependent 1. for or in connection with any injury arising out of, or in the course of, any employment for wage or profit.' " 204 N.W.2d at 871.

The insurance company argued that the plaintiff would recover workers' compensation and to allow double recovery would be inequitable. 204 N.W.2d at 872. The court rejected the insurer's argument and found that the plaintiff had not recovered workers' compensation. The court stated: "[We do not] find anything unjust or inequitable in permitting a plaintiff to bring suit for benefits under an insurance policy, procured for his benefit, and for which he has contributed premiums, which does not clearly exclude his injury from coverage." 204 N.W.2d at 872. The court concluded that a factual dispute existed as to whether the plaintiff sustained injury arising out of or in the course of employment and reversed the trial court's summary judgment for the insurance company.

The above-cited cases apply the plain meaning of the insurance policy exclusionary clauses to the facts to determine whether the exclusion is applicable. The cases mention that the intent of the exclusion is to prevent double coverage of work-related accidents, but appear to rely on the unambiguous terms of the exclusion to reach a result.

The case of *Guarantee Trust Life Insurance Co. v. Mullarkey*, 266 So. 2d 692 (Fla. Dist. App. 1972), lends support for the district court's conclusion in this case that the exclusionary

clause is to prevent double recovery. In *Mullarkey*, the insured was covered by a life insurance policy which excluded coverage for " 'loss covered by Workmen's Compensation Insurance.' " 266 So. 2d at 693. The insured died in a work-related accident. The court found that the workmen's compensation act provided for payment but that the compensation is payable only to a specific class of beneficiaries, none of whom existed in the case. The court held that the insurance company was liable for the death benefits specified in its policy. The court said:

"It is our construction of the exclusionary clause contained in the insurance policy sued upon herein that its purpose and intent is to prevent double payment to the insured or his beneficiaries of benefits arising from a single loss which is compensable under both the policy sued upon and a workmen's compensation insurance policy covering the insured and in effect at the time of the loss." 266 So. 2d at 693-94.

*Mullarkey* can be distinguished from the case at hand because of the wording of the exception. In *Mullarkey*, the exclusion pertained to loss covered by "Workmen's Compensation Insurance." 266 So. 2d at 693. The insured did not leave a proper beneficiary to recover the workers' compensation to which he was entitled and therefore did not receive the compensation. In this case, the exclusion covers charges for "injury arising out of, or in the course of, any employment for wage or profit." This is clearly more specific language. The exclusion should be interpreted by the clear meaning of the words. *Injury arising out of, or in the course of, employment for wage or profit* is not identical to *loss covered by workers' compensation insurance.* Accordingly, the injury falls within the exclusion, and Prudential is not liable for the loss.

2. Prejudgment interest.

The trial court ordered Prudential to pay prejudgment interest from the date of the pretrial conference pursuant to K.S.A. 16-201. The statute provides in relevant part: "Creditors shall be allowed to receive interest at the rate of ten percent per annum . . . for money due and withheld by an unreasonable and vexatious delay of payment or settlement of accounts." The Kansas Supreme Court has held that prejudgment interest is not proper where a bona fide dispute between the parties exists. *Trust Co. v. Robinson*, 89 Kan. 842, Syl. ¶ 3, 132 Pac. 979 (1913).

By reversing the trial court on the issue of coverage, we

necessarily conclude that a bona fide dispute existed and that the trial court erred in charging Prudential prejudgment interest.

3. Attorney fees.

The trial court ordered Prudential to pay attorney fees in the amount of $2,788.93 pursuant to K.S.A. 40-256, which provides in relevant part:

"That in all actions hereafter commenced, in which judgment is rendered against any insurance company . . . , if it appear from the evidence that such company . . . has refused without just cause or excuse to pay the full amount of such loss, the court in rendering such judgment shall allow the plaintiff a reasonable sum as an attorney's fee for services in such action . . . ."

For the reasons stated as to prejudgment interest, the trial court's order awarding attorney fees must be reversed.

Reversed.